J-S08041-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY J. MASON, | : | |
| | : | |
| Appellant | : | No. 1589 WDA 2019 |

Appeal from the PCRA Order Entered September 26, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004826-1992

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                     FILED MARCH 30, 2020

Larry J. Mason ("Mason") appeals, pro se, from the Order dismissing his fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). See 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On May 6, 1993, following a jury trial, Mason was convicted of murder in the first degree and related offenses.  The trial court sentenced Mason to life in prison without parole.  This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Mason's Petition for Allowance of Appeal.  See Commonwealth v. Mason, 660 A.2d 655 (Pa. Super. 1995) (unpublished memorandum), appeal denied, 668 A.2d 1127 (Pa. 1995).

Following four unsuccessful PCRA Petitions, on August 1, 2019, Mason filed the instant pro se PCRA Petition.  The PCRA court issued Pa.R.Crim.P. 907 Notice of its intent to dismiss, and subsequently dismissed Mason's Petition as untimely filed.  Mason filed a timely Notice of Appeal.

On appeal, Mason presents the following questions for our review:

1. Whether the [PCRA] court committed error in dismissing [Mason's] PCRA Petition as untimely and without an evidentiary hearing?

2. Whether the [PCRA] court committed error in dismissing [Mason's] PCRA Petition[,] which was based on interference by government officials with the right to presentation and the right to be heard on claims of: (A) actual innocence; (B) [a] Brady[1] violation; (C) perjured testimony; (D) [p]rosecutorial and police misconduct that was obtained by an investigator from an interview of Commonwealth witness Shaina Ballard-Murray, in that, the [PCRA] court and the district attorney violated [Mason's] due process rights and right to access to the courts by denying [Mason] the opportunity to be heard on [his] June 27, 2017 PCRA Petition where [Mason] met the exception of Pa.C.S.A. § 9545(b)(1)(ii), (b)(2)?

3. Whether the Honorable Lawrence J. O'Toole and the district attorney of Allegheny County are bias[ed] against [Mason] by continuing to deny [Mason the opportunity] to be heard in accordance with due process?

4. Whether this case should be remanded for appointment of a new judge?

Brief for Appellant at 2 (footnote added).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

_____

[1] Brady v. Maryland, 373 U.S. 83 (1963).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Mason's judgment of sentence became final in October 1996, when the time to file a petition for writ of certiorari with the United States Supreme Court expired. See 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Thus, Mason's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any PCRA Petition invoking one of the exceptions "shall be filed within one year of the date the claim could have been presented." Id. § 9545(b)(2).

Mason purports to invoke the interference by government officials exception at 42 Pa.C.S.A. § 9545(b)(1)(i). See Brief for Appellant at 10-14; see also id. at 10 (wherein Mason states that his PCRA Petition invoked the timeliness exception at Section 9545(b)(1)(i)); id. at 11 (wherein Mason

- 3 -

states that the government interference exception applies to his PCRA Petition). Mason argues that (1) the district attorney for Allegheny County interfered with his ability to raise the instant claims by presenting legal argument in opposition to Mason's fourth PCRA Petition; and (2) the PCRA court interfered by agreeing with the district attorney's argument and denying his fourth PCRA Petition. See id. at 12-13 (wherein Mason claims that "the [PCRA] [c]ourt and the [d]istrict [a]ttorney denied [Mason] the opportunity to be heard in accordance with the statutory exception of the PCRA by denying [Mason] due process and access to the courts when the [PCRA] [c]ourt agreed with the [d]istrict [a]ttorney that [Mason's] fourth PCRA Petition was untimely filed...."). Mason essentially attempts to appeal this Court's affirmance of the Order denying his fourth PCRA Petition by arguing that the PCRA court and district attorney's performance of their duties constituted "government interference."

Mason has not alleged that the district attorney or PCRA court engaged in any violation of the Constitution or laws of this Commonwealth or the United States. See 42 Pa.C.S.A. § 9545(b)(1)(i). Accordingly, Mason did not prove any of the three timeliness exceptions, and we therefore affirm the PCRA court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2020